UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Y.M., by her father and natural guardian Gary Moskowitz, and GARY MOSKOWITZ individually and on his own behalf,<br><br>                                Plaintiffs,<br><br>              -against-<br><br>THE CITY OF NEW YORK; MEISHA PORTER, Chancellor of the New York City Department of Education, in her individual capacity; NEW YORK CITY DEPARTMENT OF HEALTH; NEW YORK STATE DEPARTMENT OF HEALTH; NEW YORK CITY DEPARTMENT OF EDUCATION; NEW YORK STATE EDUCATION DEPARTMENT; BILL DE BLASIO, Mayor of New York City, in his individual capacity; DR. BETTY A. ROSA, Commissioner of Education, in her individual capacity; KATHY HOCHUL, Governor of New York State, in her individual capacity; and LETITIA JAMES, Attorney General of New York State, in her individual capacity,<br><br>                               Defendants. | No. 21 Civ. 6861<br><br>**NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that Defendants the New York State Department of Health, the New York State Education Department, New York State Education Commissioner Dr. Betty A. Rosa, Governor Kathy Hochul and Attorney General Letitia James (together, the "State Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, hereby remove the New York State Supreme Court Action currently pending in Queens County denominated as *Y.M., et ano. v. The City of New York, et al.*, Index No. 725587/2021 (Sup. Ct. Queens Cty) (the "State Court Action"), pursuant to 28 U.S.C. § 1441, § 1446, and Rule 81(c) of the Federal Rules of Civil Procedure.

       1.       On November 23, 2021, Plaintiffs delivered a copy of the summons and complaint in the State Court Action (the "Summons" and "Complaint")[1] to the State of New York Executive

---

[1]    Pursuant to 28 U.S.C. § 1446(a), the Summons and Complaint are attached as Exhibit A.

Chamber, the Office of the New York State Attorney General, and the New York State Education Department.[2]

2. The Complaint alleges that Plaintiff Y.M. was not provided with the educational and other services mandated by her Individualized Education Plan. *See generally* Compl.

3. Plaintiffs assert causes of action pursuant to several federal statutes, including the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.* (the "IDEA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Rehab Act"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"), in addition to raising state law claims. Compl. ¶¶ 23-28, 29-35, 36-42, 43-48.

4. Upon information and belief, no other process, pleadings or orders have been filed to date in the State Court Action. No responsive pleadings have been served or filed in the State Court Action, and the time to do so has not expired. Because the State Defendants first received a copy of the Summons and Complaint on November 23, 2021, *i.e.* less than 30 days ago, this Notice of Removal is timely and proper under 28 U.S.C. § 1446(b)(1).

5. Because the Complaint alleges claims arising under federal statutes, including the IDEA, the Rehab Act, the ADA and RICO, removal is proper under 28 U.S.C. §§ 1331, 1441 and 1446.

6. The State Court Action is pending in a state court geographically located within the Eastern District of New York. Therefore, venue and removal to this Court is proper under 28 U.S.C. § 1446(a).

---

[2] The State Defendants do not waive and expressly reserve the right to raise any defenses— jurisdictional or otherwise—including for improper service of process.

7.      The State Defendants shall give written notice of the removal of this action to Plaintiffs promptly, and shall file such notice with the Clerk of the Supreme Court of the State of New York, County of Queens, as required by 28 U.S.C. § 1446(d).

8.      This Office currently represents the State Defendants in this action, who consent to the removal of this action to the Eastern District of New York. The Complaint also names [list City Defendants] as Defendants (the "City Defendants"). The City Defendants have also consented to the removal of this case to this Court.

9.      The State Defendants expressly reserve their right to answer or move to dismiss the Complaint, reserve all available defenses, and deny any liability.

10.      Therefore, the State Defendants respectfully request removal of the State Court Action to the Eastern District of New York.

Dated:  New York, New York
        December 13, 2021

Respectfully submitted,
LETITIA JAMES
Attorney General
State of New York
*Attorney for State Defendants*

By:      /s/ Jonathan A. Siegel
        JONATHAN A. SIEGEL
Assistant Attorney General
28 Liberty Street, New York, NY 10005
212-416-8888; Jonathan.Siegel@ag.ny.gov

To:
Joseph S. Fritzson, Esq.
J.S. Fritzson Law Firm, P.C.
*Attorneys for Plaintiffs*
1979 Marcus Avenue, Suite 210
Lake Success, New York 11042
Tel.: (631) 676-7676
Email: Joseph@FritzsonLaw.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------------x

Y.M., by her father and natural guardian Gary Moskowitz, and
GARY MOSKOWITZ individually and on his own behalf,

Plaintiffs,

- against -

THE CITY OF NEW YORK,
MEISHA PORTER, Chancellor of the New York City
Department of Education, in her individual capacity,
NEW YORK CITY DEPARTMENT OF HEALTH;
NEW YORK STATE DEPARTMENT OF HEALTH;
NEW YORK CITY DEPARTMENT OF EDUCATION;
NEW YORK STATE EDUCATION DEPARTMENT;
BILL DE BLASIO, Mayor of New York City, in his individual capacity,
DR. BETTY A. ROSA, Commissioner of Education, in her individual capacity,
KATHY HOCHUL, Governor of New York State, in her individual capacity, and
LETITIA JAMES, Attorney General of New York State, in her individual capacity,

Defendants.

------------------------------------------------------------------------x

Index No.:

**SUMMONS**

The basis of venue is:
Plaintiffs' residential address

**To The Above Named Defendants:**

    **YOU ARE HEREBY SUMMONED** and required to serve an Answer to the attached Complaint upon Plaintiffs' Attorney at the address listed below. If this Summons was personally served upon you in the State of New York, the Answer must be served within twenty (20) days after such service of the Summons excluding the date of service. If the Summons was not personally served upon you in the State of New York, the Answer must be served within thirty (30) days after service of the Summons is completed. Upon your failure to timely serve an Answer to the attached Complaint within the time limitations noted above, a judgment may be entered against you, by default, for the relief demanded in the Complaint.

DATED:     Lake Success, New York
             November 16, 2021

                           J.S. FRITZSON LAW FIRM, P.C.

                          _____

                           JOSEPH S. FRITZSON, ESQ.
                           *Attorneys for Plaintiffs*
                           Y.M., by her father and natural guardian
                           Gary Moskowitz, and GARY MOSKOWITZ

individually and on his own behalf
1979 Marcus Avenue, Suite 210
Lake Success, New York 11042
(631) 676-7676

TO:   THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION
NEW YORK CITY DEPARTMENT OF HEALTH Attn: Corporation Counsel, 100
Church St., 5th Fl., New York, New York 10007

MEISHA PORTER, Chancellor of the New York City Department of Education, in her
individual capacity, 52 Chambers Street, Room 320, B4, New York, New York 10007

BILL DE BLASIO, Mayor of New York City, in his individual capacity, City Hall, New
York, New York 10007

DR. BETTY A. ROSA, Commissioner of Education, in her individual capacity, 89
Washington Avenue, Albany, New York 12234

KATHY HOCHUL, Governor of New York State, in her individual capacity, NYS State
Capitol Building, Albany, New York 12224

LETITIA JAMES, Attorney General of New York State, in her individual capacity, Empire
State Plaza, Justice Building, 2nd Floor, Albany, New York 12224

NEW YORK STATE DEPARTMENT OF HEALTH, Corning Tower, Empire State
Plaza Albany, New York 12237

NEW YORK STATE EDUCATION DEPARTMENT 89 Washington Avenue
Albany, New York 12234

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------------x

Y.M., by her father and natural guardian Gary Moskowitz, and
GARY MOSKOWITZ individually and on his own behalf,

Index No.:

Plaintiffs,

**VERIFIED COMPLAINT**

- against -

THE CITY OF NEW YORK,
MEISHA PORTER, Chancellor of the New York City
Department of Education, in her individual capacity,
NEW YORK STATE DEPARTMENT OF HEALTH;
NEW YORK CITY DEPARTMENT OF EDUCATION;
NEW YORK STATE EDUCATION DEPARTMENT;
BILL DE BLASIO, Mayor of New York City, in his individual capacity,
DR. BETTY A. ROSA, Commissioner of Education, in her individual capacity,
KATHY HOCHUL, Governor of New York State, in her individual capacity, and
LETITIA JAMES, Attorney General of New York State, in her individual capacity,

Defendants.

-------------------------------------------------------------------------x

Plaintiffs Y.M., by her father and natural guardian Gary Moskowitz, and GARY

MOSKOWITZ individually and on his own behalf by and through their attorney, Joseph S.

Fritzson, Esq., for their Complaint, hereby allege the following:

**THE PARTIES**

1.    Plaintiff Y.M., by her father and natural guardian Gary Moskowitz, (hereinafter

referred to as "Y.M.") is a resident of the State of New York, County of Queens and is a student

at Public School 226, District 75.

2.    Plaintiff GARY MOSKOWITZ individually and on his own behalf (hereinafter

referred to as "Gary Moskowitz") is Plaintiff Y.M.'s father and lives with her.

3.    Upon information and belief, Defendant THE CITY OF NEW YORK is the City

of the State of New York in which Plaintiffs reside. Further, the New York City Department of

Education is the department of the City of New York that oversees the City's public schools.  In

addition, the New York City Department of Health oversees services that have failed to be provided to and rendered to Plaintiff, Y.M.

4. Upon information and belief, furthermore, the Office of People with Developmental Disabilities, the Independent Support Services, and Tri-County Care are all operated by the City and State defendant agencies and have further failed to provide the legally required services support and care to Plaintiff Y.M.

5. Upon information and belief, Defendant NEW YORK STATE EDUCATION DEPARTMENT and NEW YORK STATE EDUCATION DEPARTMENT OF HEALTH that oversees the state's public schools and the Department of Health oversees services that have failed to be provided to and rendered to Plaintiff, Y.M.

6. Upon information and belief, Defendant MEISHA PORTER, Chancellor of the New York City Department of Education, in her individual capacity, is the current Chancellor of the New York City Department of Education, the department of the City of New York that oversees the City's public schools.

7. Upon information and belief, Defendant BILL DE BLASIO, Mayor of New York City, in his individual capacity, is the current Mayor of the City of New York.

8. Upon information and belief, Defendant DR. BETTY A. ROSA, Commissioner of Education, in her individual capacity, is the current Commissioner of the New York State Education Department, the Department that oversees the public schools of the State of New York.

9. Upon information and belief, Defendant KATHY HOCHUL, Governor of New York State, in her individual capacity, is the current Governor of the State of New York.

10. Upon information and belief, LETITIA JAMES, Attorney General of New York State, in her individual capacity, is the current Attorney General of the State of New York.

## VENUE AND BACKGROUND

11.     Venue in the County of Queens is proper because it is the county in which Plaintiffs reside.

12.     Plaintiff Y.M. is a student at Public School 226, District 75 and Plaintiff Gary Moskowitz is her father.

13.     The events giving rise to this action involve Defendants' absolute and continuous failure in providing Plaintiff Y.M. the education, services, and therapies that her Individualized Education Program fully entitles her to receive.

## FACTUAL BACKGROUND RELEVANT TO PLAINTIFFS' CAUSES OF ACTION

14.     Plaintiff Y.M., born in 2007, is a student that is intellectually challenged and has been formally diagnosed with disorders and impairments which include, but are not limited to: Cerebral Palsy; Epilepsy; Autism; Cortical Visual Impairment; Torticollis; Sleep Apnea; and Global Delays.

15.     Due to the aforementioned disorders, Plaintiff Y.M. has required special education and an Individualized Education Program has entitled her to receive the following services which include, but are not limited to: Physical Therapy; Occupational Therapy; Speech Therapy; After-School Therapies; Special Education; Special Education Teacher Support Services; Speech Pathology; and Related Services.

16.     Over the past several years, and despite Plaintiffs' many protests, Plaintiff Y.M. has not received the entirety of the education, services, and therapies that she is fully entitled to. For instance, Plaintiff has not received speech therapy for the past five years.

17.     Since the beginning of the COVID-19 pandemic in March 2020, and continuing today, Plaintiff's education has been completely disrupted and disregarded by Defendants. No

significant attempts have been made by Defendants to provide Plaintiff Y.M. with the education, services, and therapies that her Individualized Education Program entitles her to receive. Defendants previously insisted that Plaintiff was to use Zoom, a teleconference software program, to access her education, services, and therapies even though many of her treating doctors and specialists unequivocally stated that she cannot learn or properly receive her therapies and services through the program. Despite the advice and expertise of these licensed individuals, Defendants nevertheless solely insisted on the use of Zoom to satisfy Plaintiff's wide-ranging needs.

18.     Following two impartial hearings, both found in favor of Plaintiffs, Defendants were ordered to provide Plaintiff Y.M. with her required education, services, and therapies and eventually made individuals available to render such services starting in or about May 2020. However, the individuals that have been provided either lack the expertise needed to treat Plaintiff, a nonverbal child, or have failed to abide by a schedule that is conducive to her many and varied needs.

19.     The only services, as required by her Individualized Education Program, that Plaintiff Y.M. has recently received is physical therapy and occupational therapy, both of which are only being performed as makeups that were owed from years prior.

20.     Defendants' continuous failure, exacerbated by the beginning of the COVID-19 pandemic, in providing Plaintiff Y.M. with her required services will force her to require future surgery and ongoing care as her conditions have worsened as Plaintiff can no longer walk or take independent steps despite developing the abilities to do so just a few years prior.

21.     Further, Plaintiff Gary Moskowitz has been forced to spend over TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) of his own personal finances to convert his two-bedroom apartment into a therapy center due to the lack of effective services and

therapies rendered by Defendants and as required by Plaintiff Y.M.'s Individualized Education

Program.

22.     Due to Defendants' actions, a Notice of Claim was submitted to the aforementioned

parties and, on or about June 7, 2021, the Office of the New York City Comptroller designated the

subject matter as Claim No. 2021PI014385.  A 50-H hearing was held of the claimants/plaintiffs

on August 18, 2021.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Violation of Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.)**

23.     Plaintiffs repeat and reallege each and every allegation contained in the preceding

paragraphs as if fully set forth herein.

24.     The plain terms of the Individuals with Disabilities Education Act (hereinafter

referred to as "IDEA"), 20 U.S.C. § 1400(d)(1)(A), state that the purpose of the Act is "to ensure

that all children with disabilities have available to them a ***free appropriate public education*** that

emphasizes special education and related services designed to meet their unique needs and prepare

them for further education, employment, and independent living."

25.     While Plaintiff Y.M.'s Individualized Education Program was to tailor to her

various and unique needs, it is evident that Defendants have blatantly violated the terms of IDEA

as a free, appropriate education has not been made available to Plaintiff. Rather, Plaintiff has been

denied many of the services and therapies that she is entitled to and requires in order to prepare

herself for further education, employment, and independent living.

26.     Defendants' effective lack of provision of a free, appropriate education, via the

education, services, and therapies prescribed by Plaintiff Y.M.'s Individualized Education

Program, has caused her to significantly regress in development. This regression will not only

force Plaintiff to require future surgery and ongoing care, but it has also forced Plaintiff Gary

Moskowitz to spend a large amount of his personal finances in order to provide Plaintiff with the therapies that she requires and deserves.

27.     As Defendants have continuously failed to provide Plaintiff Y.M. with the education, services, and therapies required by her Individualized Education Program, it is evident that Defendants have ultimately failed to provide the free, appropriate education that Plaintiff is entitled to under IDEA.

28.     As a consequence of Defendants' intentional, blatant, and continuous violation of IDEA, Plaintiffs are entitled to declaratory and injunctive relief, namely the provision of the education, services, and therapies prescribed by Plaintiff Y.M.'s Individualized Education Program and compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a))

29.     Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30.     Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), specifically prescribes that "no otherwise qualified individual with a disability in the United States…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

31.     As Plaintiff Y.M. attends a public school of the City of New York, it is evident that Defendants receive federal aid to assist in the instruction of children such as Plaintiff.

32.     Defendants are fully cognizant of their duties to ensure that any and all students with disabilities and disorders, such as Plaintiff Y.M., receive the free, appropriate public

education that they are fully entitled to.

33.     However, despite Defendants' awareness, they have intentionally failed to ensure that Plaintiff Y.M. receives the education, services, and therapies that she is entitled to receive and absolutely requires. Most notably, while Defendants made several, reasonable accommodations to service the general student body of its public schools due to the COVID-19 pandemic, no reasonable accommodations were made for Plaintiff Y.M. and her disorders. Rather, for a significant period of time, Defendants solely prioritized the use of a teleconference program rather than the therapies and hands-on education required by Plaintiff and advocated by her doctors and specialists as well.

34.     Due to Defendants' intentional failure to provide Plaintiff Y.M. with the proper education, services, and therapies, it is evident that Defendants have violated Section 504 of the Rehabilitation Act of 1973 as Plaintiff has been discriminated against and denied the benefits of her Individualized Education Program and public schooling due to her disabilities.

35.     As a consequence of Defendants' intentional, blatant, and continuous violation of Section 504 of the Rehabilitation Act of 1973, Plaintiffs are entitled to declaratory and injunctive relief, namely the provision of the education, services, and therapies prescribed by Plaintiff Y.M.'s Individualized Education Program and compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00).

<u>AS AND FOR A THIRD CAUSE OF ACTION</u>
**(Violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132)**

36.     Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

37.     Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132, specifically states that "no qualified individual with a disability shall, by reason of such disability,

be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

38.     Due to Plaintiff Y.M.'s many disorders, it is clear that she is a "qualified individual with a disability" within the meaning of the aforementioned statute. Further, as noted and discussed above, there can be no doubt that Plaintiff Y.M. has been both intentionally excluded from **and** denied the benefits of the services, programs, and activities of her public school, which is very much a public entity.

39.     Plaintiff Y.M.'s Individualized Education Program specifically provides the education, services, and therapies that her school and Defendants are to provide her yet, prior to the COVID-19 pandemic, she did not receive the entirety of the benefits to which she is entitled to despite Defendants' affirmative knowledge of her needs.

40.     Following the start of the COVID-19 pandemic, while the general student body of Defendants' schools have been accommodated through measures such as remote and hybrid learning, Defendants have failed to to ensure that Plaintiff Y.M. received the proper education, services, and therapies without any interruptions whatsoever due to her disabilities and disorders.

41.     As Plaintiff Y.M. has been denied the benefits of the services, programs, and activities of her school, as required by her Individualized Education Program, it is wholly evident that Plaintiff has yet to receive a free, appropriate education and Defendants have violated Title II of the Americans with Disabilities Act of 1990 both prior to and, especially, following the start of the COVID-19 pandemic.

42.     As a consequence of Defendants' intentional, blatant, and continuous violation of Title II of the Americans with Disabilities Act of 1990, Plaintiffs are entitled to declaratory and injunctive relief, namely the provision of the education, services, and therapies prescribed by

Plaintiff Y.M.'s Individualized Education Program and compensatory damages in the amount of

SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION
**(Violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962)**

43.     Plaintiffs repeat and reallege each and every allegation contained in the preceding

paragraphs as if fully set forth herein.

44.     The Courts have routinely held that, for a party to maintain a claim under the

Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962, a plaintiff must allege (1)

conduct; (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.

45.     In the subject matter, it is evident that Defendants, working collectively in an

enterprise, engaged in a clear pattern of conduct: Continuously depriving Plaintiff Y.M. of the

benefits of her Individualized Education Program and public schooling due to her disabilities.

46.     The conduct engaged in by Defendants undoubtedly constitutes racketeering

activity, as Defendants have received federal funding in order to facilitate the provision of a free

and appropriate education to Plaintiff Y.M. Defendants' failure to provide such an education

indicates that they have wrongfully misappropriated the funds in order to further other and personal

ventures.

47.     Based upon Defendants' collective failure to provide Plaintiff Y.M. with the

benefits of her Individualized Education Program and public schooling, while retaining the federal

funding to facilitate such benefits and schooling, it is evident that Defendants have engaged in a

pattern of racketeering activity barred by the Racketeer Influenced and Corrupt Organizations Act.

48.     As a consequence of Defendants' conduct through a pattern of racketeering activity

in violation of the Racketeer Influenced and Corrupt Organizations Act, Plaintiffs are entitled to

declaratory and injunctive relief, namely the provision of the education, services, and therapies

prescribed by Plaintiff Y.M.'s Individualized Education Program and compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00).

## AS AND FOR A FIFTH AND SIXTH CAUSE OF ACTION
### (Violations of Section 296(2)(a) of the New York State Executive Law
### and Section 8-107(4)(a)(1) of the Administrative Code of the City of New York)

49.　　Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

50.　　According to Section 296(2)(a) of the New York State Executive Law, "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation…because of the…disability or marital status of any person…withhold from or deny to such person any of the accommodations, advantages, facilities, or privileges thereof."

51.　　The language of Section 8-107(4)(a)(1) of the Administrative Code of the City of New York is quite similar, as it states that "it shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation... because of any person's actual or perceived…disability…to refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation."

52.　　It is quite clear that Defendants have withheld the advantages, privileges, and services of Plaintiff Y.M.'s public school, a public accommodation, from her, as they have intentionally and continously refused to provide the education, services, and therapies that her Individualized Education Program have deemed necessary and would provide her with a free, appropriate education.

53. Defendants have been fully aware of Plaintiff Y.M.'s disorders and disabilities, via the aforementioned Individualized Education Program, yet have not taken any reasonable steps to ensure that she receives the necessary education, services, and therapies that would prepare her for further education, employment, and independent living.

54. Whereas Defendants have made accommodations for the general student body in light of the COVID-19 pandemic, Defendants, at one point, halted the provision of Plaintiff Y.M.'s services on the grounds that they could be performed via a teleconference software program. As noted by Plaintiff's doctors and specialists, this was an absolute impossibility and one that has caused severe and long-lasting damage to Plaintiff's development.

55. As Plaintiff Y.M. has not been provided a free, appropriate education in light of the COVID-19 pandemic, whereas several accommodations were made for the general student body, it is evident that Defendants withheld the accommodations, services, advantages, facilities, and privileges of her public school from her because of her disabilities and disorders.

56. As a consequence of Defendants' intentional, blatant, and continuous violation of both Section 296(2)(a) of the New York State Executive Law and Section 8-107(4)(a)(1) of the Administrative Code of the City of New York, Plaintiffs are entitled to declaratory and injunctive relief, namely the provision of the education, services, and therapies prescribed by Plaintiff Y.M.'s Individualized Education Program and compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00).

**<u>AS AND FOR A SEVENTH CAUSE OF ACTION</u>**
**(Violation of New York Codes, Rules, and Regulations Title 8, Section 200.6(a)(2))**

57. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

58. New York Codes, Rules, and Regulations Title 8, Section 200.6(a)(2) specifically

states that "a student with a disability shall be provided with appropriate special education" and "a student with a disability shall be provided the special education specified on the student's IEP to be necessary to meet the student's unique needs."

59.     The events, described above, clearly demonstrate that Defendants have neither provided Plaintiff Y.M. with an appropriate special education nor a special education specified on her Individualized Education Program.

60.     Prior to the start of the COVID-19 pandemic, Defendants did not provide the entirety of the education, services, and therapies specified on Plaintiff Y.M.'s Individualized Education Program and she has received even fewer of the aforementioned education, services, and therapies since the pandemic began.

61.     Defendants' abject failure to provide the entirety of the special education specified on Plaintiff Y.M.'s Individualized Education Program demonstrates that they have undoubtedly have failed to provide an appropriate special education to Plaintiff as well.

62.     As Defendants have continously both failed to provide an appropriate special education and the special education specified on Plaintiff Y.M.'s Individualized Education Program, it is evident that Defendants have intentionally violated New York Codes, Rules, and Regulations Title 8, Section 200.6(a)(2).

63.     As a consequence of Defendants' intentional, blatant, and continuous violation of New York Codes, Rules, and Regulations Title 8, Section 200.6(a)(2), Plaintiffs are entitled to declaratory and injunctive relief, namely the provision of the education, services, and therapies prescribed by Plaintiff Y.M.'s Individualized Education Program and compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00).

**WHEREFORE**, Plaintiffs Y.M., by her father and natural guardian Gary Moskowitz, and

GARY MOSKOWITZ individually and on his own behalf demands judgment against Defendants THE CITY OF NEW YORK, MEISHA PORTER, Chancellor of the New York City Department of Education, in her individual capacity, BILL DE BLASIO, Mayor of New York City, in his individual capacity, DR. BETTY A. ROSA, Commissioner of Education, in her individual capacity, KATHY HOCHUL, Governor of New York State, in her individual capacity, and LETITIA JAMES, Attorney General of New York State, in her individual capacity as follows:

A.      Declaratory and injunctive relief in the provision of the education, services, and therapies prescribed by Plaintiff Y.M.'s Individualized Education Program;

B.      Compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00) as to the FIRST CAUSE OF ACTION;

C.      Compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00) as to the SECOND CAUSE OF ACTION;

D.      Compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00) as to the THIRD CAUSE OF ACTION;

E.      Compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00) as to the FOURTH CAUSE OF ACTION;

F.      Compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00) as to the FIFTH CAUSE OF ACTION;

G.      Compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00) as to the SIXTH CAUSE OF ACTION;

H.      G.      Compensatory damages in the amount of SIXTY-FIVE MILLION DOLLARS AND ZERO CENTS ($65,000,000.00) as to the SEVENTH CAUSE OF ACTION;

I.      Punitive damages in an amount to be determined at trial;

J.      Reasonable attorneys' fees, expenses, costs, and disbursements; and

K.      Such other and further relief as the Court may deem to be just and equitable.

DATED:      Lake Success, New York
            November 16, 2021

                              J.S. FRITZSON LAW FIRM, P.C.

                              _____
                              JOSEPH S. FRITZSON, ESQ.
                              *Attorneys for Plaintiffs*
                              Y.M., by her father and natural guardian
                              Gary Moskowitz, and GARY MOSKOWITZ
                              individually and on his own behalf
                              1979 Marcus Avenue, Suite 210
                              Lake Success, New York 11042
                              (631) 676-7676

TO:      THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF EDUCATION
         NEW YORK CITY DEPARTMENT OF HEALTH Attn: Corporation Counsel, 100
         Church St., 5th Fl., New York, New York 10007

         MEISHA PORTER, Chancellor of the New York City Department of Education, in her
         individual capacity, 52 Chambers Street, Room 320, B4, New York, New York 10007

         BILL DE BLASIO, Mayor of New York City, in his individual capacity, City Hall, New
         York, New York 10007

         DR. BETTY A. ROSA, Commissioner of Education, in her individual capacity, 89
         Washington Avenue, Albany, New York 12234

         KATHY HOCHUL, Governor of New York State, in her individual capacity, NYS State
         Capitol Building, Albany, New York 12224

         LETITIA JAMES, Attorney General of New York State, in her individual capacity, Empire
         State Plaza, Justice Building, 2nd Floor, Albany, New York 12224

         NEW YORK STATE DEPARTMENT OF HEALTH, Corning Tower, Empire State
         Plaza Albany, New York 12237

         NEW YORK STATE EDUCATION DEPARTMENT 89 Washington Avenue
         Albany, New York 12234

# V E R I F I C A T I O N

STATE OF NEW YORK          :)
                          SS.:
COUNTY OF NASSAU          :)

The undersigned, an attorney admitted to practice in the Courts of the State of New York, states that the affirmant is the attorney of record for Plaintiffs in the within action; has read the foregoing Verified Complaint and knows the contents thereof; the same is true to the affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters, affirmant believes them to be true.

This verification is made by affirmant and not by Plaintiffs as Plaintiffs' home address is outside of the county where the affirmant's office is located.

The source of affirmant's knowledge and the grounds for belief as to those matters stated to be alleged on information and belief are correspondence and investigations which have been made concerning the subject matter in this action and records of Plaintiffs, which are in possession of said attorney.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

DATED:          Lake Success, New York
                November 16, 2021

_____
JOSEPH S. FRITZSON, ESQ.