

NEW YORK ∞ NEW JERSEY

**JOSEPH S. FRITZSON, ESQ., MBA**
J.S. Fritzson Law Firm, P.C.
1979 Marcus Avenue, Suite 210
Lake Success, NY 11042
(631) 676-7676
Joseph@Fritzsonlaw.com

January 24, 2022

**VIA ECF**
Hon. Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE:** *Y.M. and Moskowitz v. City of New York, et al.*, Case No.: 1:21-cv-06861-AMD-RLM

Dear Honorable Judge Donnelly,

     This Office represents Plaintiffs, Y.M., by her father and natural guardian Gary Moskowitz, and Gary Moskowitz individually and on his own behalf, in the above-referenced action. Please allow this letter to serve as opposition to City Defendants' request for a pre-motion conference to discuss their proposed motion to dismiss Plaintiffs' Complaint pursuant to Rule 4(A)(i) of the Court's Individual Practices and Rules. City Defendants' desire for such a conference is premature as discovery has yet to occur in any capacity. Further, this Court has subject matter jurisdiction over the asserted claims upon which relief can be granted.

***The Filing of a Motion to Dismiss Is Premature as City Defendants Have Yet to Participate in the Exchange of Discovery***

     Rather than engage in the traditional discovery exchange, or set a conference for the scheduling of the exchange of discovery, City Defendants decided to formally request a pre-motion conference for the filing of a motion to dismiss Plaintiffs' Complaint. There is precedence in which the Courts have previously allowed the exchange of discovery to commence prior to the filing of a motion to dismiss. In <u>Wolfson v. Cablevision Systems Corp</u>, the Court permitted the Plaintiff to engage in class-wide discovery and stayed the Defendant's filing of its proposed motion to dismiss ***until the completion of discovery***. <u>Wolfson v. Cablevision Systems Corp</u>, 2004 WL 2677168 (E.D.N.Y. 2004). While the aforementioned matter involved class-wide discovery, the Court's holding establishes that a motion to dismiss should certainly be stayed until the non-filing party

1



completes discovery. In applying the Wolfson holding to the subject matter, it is evident that this Court must schedule a conference for the scheduling of the provision and exchange of discovery rather than a pre-motion conference to set a schedule for a motion to dismiss Plaintiff's claims.

### *Contrary to City Defendants' Contentions, Plaintiffs Went Through the Necessary Measures and Steps to File the Subject Matter*

City Defendants argue that Plaintiffs' Complaint should be dismissed since Plaintiffs did not exhaust, let alone initiate, their administrative remedies. However, these arguments are incorrect and, frankly, confounding. As stated within their Complaint, Plaintiffs did indeed initiate, and entirely exhaust, their administrative duties as they went through not one but two impartial hearings that resulted in decisions in Plaintiffs' favor. It would be beyond reason for Plaintiffs to appeal the impartial hearing decisions to a state review officer since they were found in their favor. If City Defendants were not in a rush to dismiss the subject matter, they would see that the issue is not the decisions rendered but, rather, City Defendants' continuous and willful failure in carrying out the directives contained within the aforesaid decisions. As noted within the Complaint, City Defendants have provided individuals to Plaintiffs that either lack the expertise needed to properly treat Plaintiff Y.M. and/or have failed to abide by a timetable that would best suit her needs. Further, the only services, as required by her Individualized Education Program, that Plaintiff Y.M. has received as of late are physical and occupational therapy lessons, which are only being performed in order to make up for lessons that were to be performed years prior.

Further, City Defendants are quick to cite Cave v. E. Meadow Union Free Sch. Dist. in order to further their arguments that Plaintiffs failed to exhaust their administrative remedies and, in turn, that this Honorable Court lacks the requisite subject matter jurisdiction to hear the subject matter. However, City Defendants conveniently failed to inform the Court that, as per Cave, the exhaustion requirement *is excusable*. According to the Court in Cave, "the exhaustion requirement is excused when exhaustion would be futile because the administrative procedures do not provide an adequate remedy" and "the exhaustion requirement does not apply 'when pursuit of the administrative remedies would be futile because the agency either was acting in violation of the law or was unable to remedy the alleged injury.'" Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 249 (2nd Cir. 2008). Based upon this precedence, it is clear that the exhaustion requirement is not even required in the subject matter since the administrative procedures do not provide an adequate remedy. While the impartial hearings found that Plaintiff Y.M. was entitled to receive her various services, City Defendants have utterly failed to both abide by the rendered decisions and provide the services. Additionally, pursuing administrative remedies would be nothing short of futile since the decisions rendered in the impartial hearings aren't the issue in the subject matter but, rather, the continuous disregard and violation of said decisions by the City



NEW YORK ∞ NEW JERSEY

Defendants. As such, City Defendants' arguments regarding subject matter jurisdiction must be disregarded and this Honorable Court must deny City Defendants' conference request.

### *Plaintiffs' Complaint Effectively States Claims Upon Which Relief Can Be Granted*

It is wholly evident that Plaintiffs' Complaint states claims upon which relief can be granted since it properly demonstrates that City Defendants acted in bad faith and/or gross misjudgment and subjected Plaintiff Y.M. to unequal treatment due to her various disabilities. The bad faith and gross misjudgment, on the part of City Defendants, is demonstrated by their willful failure to abide by the decisions of the two impartial hearings, as discussed in greater length above. Further, City Defendants' unequal treatment of Plaintiff Y.M., due to her disabilities, is evidenced by City Defendants' complete and continuous failure to accommodate Plaintiff Y.M. due to the COVID-19 pandemic. Plaintiff Y.M. has not received the education, services, and in-person therapies prescribed by her Individualized Education Program. In contrast, City Defendants ensured that the general student body of the City of New York received an appropriate education during the pandemic since they do not require the services and therapies that Plaintiff Y.M. requires. As such, a careful review of Plaintiffs' Complaint fully shows City Defendants' continuous bad faith, gross misjudgment, and unequal treatment of Plaintiff Y.M.

### *Conclusion*

As discussed above, City Defendants' request for a conference to dismiss Plaintiffs' claims, is premature as the only action taken in the subject matter, so far, has been the filing of the Summons and Complaint. Further, contrary to City Defendants' claims, this Honorable Court has subject matter jurisdiction over the subject matter based upon Plaintiffs' prior efforts and the inapplicability of the exhaustion requirement due to City Defendants' actions. Finally, due to City Defendants' bad faith, gross misjudgment, and unequal treatment of Plaintiff Y.M., Plaintiffs' Complaint sufficiently states claims upon which relief can be granted. Therefore, Plaintiffs oppose City Defendants' conference request and formally request the scheduling of a conference to set a schedule for the provision and exchange of discovery. Thank you for your consideration.

Sincerely,

J.S. FRITZSON LAW FIRM, P.C.

_____
JOSEPH S. FRITZSON, ESQ.
*Attorneys for Plaintiffs*

CC: All Counsel of Record (via ECF)