

NEW YORK ∞ NEW JERSEY

**JOSEPH S. FRITZSON, ESQ., MBA**
J.S. Fritzson Law Firm, P.C.
1979 Marcus Avenue, Suite 210
Lake Success, NY 11042
(631) 676-7676; Joseph@Fritzsonlaw.com

**VIA ECF**                                                                January 31, 2022
Hon. Ann M. Donnelly
United States District Judge, Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

RE:   *Y.M. and Moskowitz v. City of New York, et al*., Case No.: 1:21-cv-06861-AMD-RLM

Dear Honorable Judge Donnelly,

    This Office represents Plaintiffs, Y.M., by her father and natural guardian Gary Moskowitz, and Gary Moskowitz individually and on his own behalf, in the above-referenced action. Please allow this letter to serve as opposition to State Defendants' request for a pre-motion conference. The request made by State Defendants, like the one made by City Defendants, is entirely premature and Plaintiffs' Complaint clearly establishes that this Honorable Court has subject matter jurisdiction over claims upon which relief can be granted. In order to avoid redundancy, as there is overlap within arguments posed by both the State and City Defendants, Plaintiffs incorporates herein by reference the contents of their letter responding to City Defendants' filing.

### *The Filing of a Motion to Dismiss Is Premature as the Exchange of Discovery Has Yet to Occur*

    State Defendants' request for a conference is premature, as it comes prior to the exchange of any discovery or the scheduling of such exchange. In Wolfson v. Cablevision Systems Corp, the Court permitted the Plaintiff to engage in class-wide discovery and stayed the Defendant's filing of its proposed motion to dismiss ***until the completion of discovery***. Wolfson v. Cablevision Systems Corp, 2004 WL 2677168 (E.D.N.Y. 2004). While Wolfson pertained to class-wide discovery, the Court's holding clearly establishes that a motion to dismiss should be stayed until the non-filing party has had the opportunity to complete discovery.

### *Subject Matter Jurisdiction Is Clearly Established by Plaintiffs' Previous Actions and Measures*

    State Defendants claim that Plaintiffs have not carried their burden of proving that they exhausted their administrative remedies prior to the filing of their Complaint, however this could not be further from the truth. As clearly stated within their Complaint, Plaintiffs indeed initiated, and arguably exhausted, their administrative duties as they went through not one but two impartial hearings that resulted in decisions in Plaintiffs' favor. It would be both unreasonable and irrational



for Plaintiffs to appeal the impartial hearing decisions to a state review officer since they were both found in their favor. The impartial hearing decisions were not the issue, rather, it was State Defendants' failure to abide by the rendered decisions that forced the filing of Plaintiffs' Complaint as Plaintiff Y.M. was provided with individuals that lacked the expertise needed to properly treat her and/or failed to abide by a timetable that would best suit her needs.

It must also be noted that the exhaustion requirement, cited by State Defendants, is excusable. As per the Court in Cave v. E. Meadow Union Free Sch. Dist., "the exhaustion requirement is excused when exhaustion would be futile because the administrative procedures do not provide an adequate remedy" and "the exhaustion requirement does not apply 'when pursuit of the administrative remedies would be futile because the agency either was acting in violation of the law or was unable to remedy the alleged injury.'" Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d 240, 249 (2nd Cir. 2008). Based upon the Court's ruling, the exhaustion requirement is not required in the subject matter since the administrative procedures clearly did not provide Plaintiffs with an adequate remedy. The impartial hearings found that State Defendants were to provide Plaintiff Y.M. with her required services. Pursuing administrative remedies would be futile since the decisions rendered aren't the issue but, rather, it is the continuous disregard and violation of said decisions by State Defendants. State Defendants also cannot reasonably claim that this Court lacks subject matter jurisdiction when they were the parties that removed the subject matter to this Honorable Court due to the existence of federal questions.

### *Plaintiffs' Complaint States Claims Upon Which Relief Can Be Granted and State Defendants Were, or Should Have Been, Aware of the Discrimination of Plaintiff Y.M. and her Disabilities*

Plaintiffs' Complaint properly details how State Defendants acted in bad faith and/or gross misjudgment in their continuous failure to provide Plaintiff Y.M. with her required education, services, and therapies. As clearly asserted within the Complaint, State Defendants' bad faith and gross misjudgment is demonstrated by their willful failure to abide by the decisions of not one but two impartial hearings and their continuous failure to accommodate the needs of Plaintiff Y.M. The Complaint also specifies the education, services, and in-person therapies that Plaintiff Y.M. has not received even though they are prescribed by her Individualized Education Program (IEP). Further, as Plaintiff Y.M. is a resident and student of the State of New York, the New York State Education Department (NYSED) and/or Commissioner Dr. Betty A. Rosa, at minimum, were aware of the services that Plaintiff required and was continuously deprived of. It would be beyond rationality if either of the parties were to insinuate a lack of awareness and lack of role in the provision of educational services for students considering NYSED is primarily tasked with overseeing New York State's education programs. The Courts have previously agreed with this notion as "the Commissioner could be held liable for general supervisory violations in an action…for failing to 'enforce federal and state laws and to provide adequate general supervision over the New York City School system [and to] ensure compliance with [his] orders.'" Mr. X v. New York State Educ. Dep't, 975 F. Supp. 546, 553 (S.D.N.Y. 1997).



NEW YORK ∞ NEW JERSEY

    Regarding the non-IDEA claims, State Defendants continuously engaged in a pattern of indefensible conduct to the detriment of Plaintiff Y.M. As per the Court in <u>French v. New York State Dept. of Educ.</u>, a case cited by State Defendants, "to make out a prima facie case under [the ADA or Section 504 of the Rehabilitation Act], a plaintiff must show (1) that she is a qualified individual with a disability, (2) that the defendants are subject to [the relevant statute]; and (3) that she was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of her disability. <u>French v. New York State Dept. of Educ.</u>, 476 F. App'x 468, 473 (2nd Cir. 2011). As discussed within the Complaint, Plaintiff Y.M. is a qualified individual as she been formally diagnosed with several disorders and impairments and, at minimum, NYSED and Commissioner Dr. Betty A. Rosa are subject to the statutes since they oversee New York State's education programs. Due to her multiple disabilities, and as a result of the failure to provide her with the necessary therapies and programs, Plaintiff Y.M. has been denied the opportunity to benefit from State Defendants' services and the proper education that she requires and is entitled to receive.

### *The COVID-19 Pandemic Did Not Extinguish State Defendants' Duties*

    State Defendants failed to note that, even prior to the onset of the COVID-19 pandemic, they failed to provide Plaintiff Y.M. with the entirety of her services, as it was noted within Plaintiffs' Complaint that she has not received speech therapy for the past five years. Additionally, the onset of the COVID-19 pandemic did not extinguish State Defendants' obligation to provide Plaintiff Y.M. with her therapies and services, as the cited USDOE guidance, dated March 21, 2020, states that "school districts must remember that the provision of FAPE may include, *as appropriate*, special education and related services provided through distance instruction provided virtually, online, or telephonically." Under no circumstances would the virtual provision of therapies, such as physical and/or occupational therapy, be appropriate since they require physical interaction. As a result of State Defendants' failures, no matter how brief, Plaintiff Y.M.'s progress has regressed and she will require future surgery and ongoing care. Furthermore, State Defendants are not at liberty to argue the validity of any of the facts since "as a general rule, the court is *required to accept as true* all of the allegations contained in the complaint." McCusker v. Hibu PLC, 159 F. Supp. 3d 341, 347 (E.D.N.Y. 2016). For the reasons discussed, Plaintiffs oppose State Defendants' conference request. Thank you for your consideration.

    Sincerely,    _____
                                  JOSEPH S. FRITZSON, ESQ.
                                  *Attorney for Plaintiffs*

CC: All Counsel of Record (via ECF)