UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Y.M., by her father and natural guardian Gary Moskowitz, and GARY MOSKOWITZ individually and on his own behalf,<br><br>          Plaintiffs,<br><br>    -against-<br><br>THE CITY OF NEW YORK; MEISHA PORTER, Chancellor of the New York City Department of Education, in her individual capacity; VICTOR CALISE, Commissioner of the Mayor's Office for People with Disabilities, in his individual capacity; ERIC ADAMS, Mayor of New York City, in his individual capacity; DR. BETTY A. ROSA, Commissioner of Education, in her individual capacity; KERRI E. NEIFELD, Commissioner of the Office for People with Developmental Disabilities, in her individual capacity; KATHY HOCHUL, Governor of New York State, in her individual capacity; and LETITIA JAMES, Attorney General of New York State, in her individual capacity,<br><br>          Defendants. | No. 21 Civ. 6861 (AMD) (RLM) |


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION BY THE STATE DEFENDANTS TO DISMISS THE AMENDED COMPLAINT**


                     **LETITIA JAMES**
                     Attorney General
                     State of New York
                     Attorney for the State Defendants
                     28 Liberty Street
                     New York, New York 10005
                     Tel.: (212) 416-8888

JONATHAN A. SIEGEL
Assistant Attorney General
 Of Counsel

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ i

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT ........................................................................................................................ 2

I.    PLAINTIFFS FAILED TO CONTEST THE STATE DEFENDANTS' MOTION AND HAVE ABANDONED THEIR CLAIMS AGAINST THE STATE DEFENDANTS ............ 2

II.    PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES DEPRIVES THE COURT OF SUBJECT MATTER JURISDICTION, AND PLAINTIFFS' CLAIMS ARE TIME-BARRED BY THEIR ARGUMENTS ................................................................ 4

CONCLUSION ..................................................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Avaras v. Clarkstown C.S.D.*,
   No. 18 Civ. 6964 (NSR), 2019 WL 4600870 (Sept. 21, 2019) ...............................................3

*Cohen v. S.A.C. Trading Corp.*,
   711 F.3d 353 (2d Cir. 2013)....................................................................................................6

*Jackson v. Fed. Exp.*,
   766 F.3d 189 (2d Cir. 2014)....................................................................................................4

*Kassner v. 2nd Ave. Delicatessen Inc.*,
   496 F.3d 229 (2d Cir. 2007)....................................................................................................6

*L.V. v. NYCDOE*,
   No. 03 Civ. 9917 (LAP), 2021 WL 663718 (S.D.N.Y. Feb. 18, 2021).....................................5

*Lipton v. County of Orange, N.Y.*,
   315 F. Supp. 2d 434 (S.D.N.Y. 2004).....................................................................................4

*M.D. v. Southington Bd. of Educ.*,
   334 F.3d 217 (2d Cir. 2003)....................................................................................................7

*M.M. v. NYCDOE*,
   No. 09 Civ. 5236 (PAC), 2010 WL 2985477 (S.D.N.Y. July 27, 2010) ..................................4

*Malik v. City of N.Y.*,
   841 F. App'x 281 (2d Cir. 2021) ............................................................................................4

*N.Y.S. Court Clerks Assoc. v. Unified Court System of the State of N.Y.*,
   25 F. Supp. 3d 459 (S.D.N.Y. 2014).......................................................................................3

*Piazza v. Fla. U.F.S.D.*,
   777 F. Supp. 2d 669 (S.D.N.Y. 2011).....................................................................................6

*Roeder v. J.P. Morgan Chase & Co.*,
   2022 WL 211702 (2d Cir. 2022)..............................................................................................4

*SJB ex rel. Berkhout v. NYCDOE*,
   No. 03 Civ. 6653, 2004 WL 1586500 (S.D.N.Y. July 14, 2004) ............................................7

*State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*,
   374 F.3d 158 (2d Cir. 2004)....................................................................................................4

*Stropkay v. Garden City Union Free Sch. Dist.*,
  593 F. App'x 37 (2d Cir. 2014) ..................................................................................................6

*Vinluan v. Ardsley U.F.S.D.*,
  No. 19 Civ. 10674 (NSR), 2021 WL 1063482 (S.D.N.Y. Mar. 18, 2021) ................................7

**FEDERAL STATUTES**

18 U.S.C.
  § 1962 (Racketeer Influenced and Corrupt Organizations Act ("RICO")) .............................. 6

20 U.S.C.
  § 1400, *et seq.* (Individuals with Disabilities Education Act ("IDEA")) ......................... *passim*
  § 1415(i)(2)(B) ..........................................................................................................................7

29 U.S.C.
  § 794, *et seq.* (Rehabilitation Act of 1973 ("Rehab Act" or "RA")) .........................................7

42 U.S.C.
  § 1983 ("§ 1983") .....................................................................................................................6
  § 12101, *et seq.* (Americans with Disabilities Act of 1990 ("ADA")) .....................................7

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 4(m) ........................................................................................................................................3
Rule 8 ..........................................................................................................................................1, 3
Rule 9(b) .........................................................................................................................................1
Rule 12(b)(1) ..................................................................................................................................1
Rule 12(b)(2) ..................................................................................................................................1
Rule 12(b)(5) ..................................................................................................................................1
Rule 12(b)(6) ..............................................................................................................................1, 3

**STATE AND LOCAL STATUTES**

N.Y. Educ. Law
  § 4404(3)(a) ..............................................................................................................................6

N.Y. Exec. Law
  § 296(2)(a) (New York State Human Rights Law ("SHRL")) .................................................6

N.Y.C. Admin. Code
  § 8-107(4)(a)(1) (New York City Human Rights Law ("CHRL") ...........................................6

**MISCELLANEOUS AUTHORITIES**

Order of Impartial Hearing Officer in Case No. 139980 ..................................................... *passim*

Order of Impartial Hearing Officer in Case No. 156614 ..................................................... *passim*

Defendants Governor Kathy Hochul, Attorney General Letitia James, State Education Commissioner Dr. Betty A. Rosa and State Commissioner of the Office for People with Developmental Disabilities Kerri E. Neifeld, all of whom are sued solely in their personal capacities (collectively, the "State Defendants"),[1] respectfully submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint ("AC"), pursuant to Fed. R. Civ. P. 8(a), 9(b), 12(b)(1), (2), (5) and (6).

## PRELIMINARY STATEMENT

Plaintiffs have sued the most senior State officials — the Governor, the Attorney General, the State Education Commissioner and the State Commissioner of the Office for People with Developmental Disabilities — solely in their individual capacities for $65 million, without alleging they did anything wrong, or that they personally have the power to correct any of the alleged deficiencies at issue. Despite a deficient Complaint, detailed pre-motion letters, and a conference in which the Court warned counsel that there appeared to be no basis to sue the State Defendants, Plaintiffs filed an amended pleading that added no facts, requiring the State Defendants to file a motion to dismiss detailing the myriad ways that the AC is deficient and showing that the claims are invalid. ECF 18. Rather than withdrawing their claims, Plaintiffs oppose the State Defendants' motion, but do not address the arguments set forth by the State Defendants — indeed, Plaintiffs ignore the arguments entirely — and have even declined to serve Commissioner Neifeld with process after this basic deficiency was noted in the motion. ECF 16 at 2; ECF 18 at 33. Dismissal on the merits and for abandonment of their claims is therefore appropriate. *See* Point I.

---

[1] The other defendants are The City of New York ("NYC"), Meisha Porter, the Chancellor of the NYCDOE, Victor Calise, the Commissioner of the Mayor's Office for People with Disabilities and Eric Adams, the Mayor of NYC (the "NYC Defendants"). The individual NYC Defendants are sued only in their personal capacities. AC ¶¶ 6-10. Plaintiffs added Commissioners Neifeld and Calise as defendants in the AC and dropped the NYC Departments of Education and Health and the N.Y. State Departments of Education and Health as defendants.

Moreover, the only argument Plaintiffs do make in their opposition memorandum — namely, that the Court has subject matter jurisdiction over their IDEA claim because they exhausted administrative remedies (*see* ECF 23 ¶¶ 13-14) – fails both as a matter of law and as a matter of fact. First, even if Plaintiffs were correct, this would not be sufficient to sustain any claim against the State Defendants for all the other reasons that were briefed. Second, Plaintiffs' arguments do not apply to the State Defendants because it would violate due process to charge them with failing to implement orders that did not direct them to do anything, which were rendered in proceedings in which they were not involved. Third, Plaintiffs' position is based entirely on a 2015 Order of an Impartial Hearing Officer in Case No. 156614 (the "2015 Order"). Whether Plaintiffs exhausted administrative remedies concerning the school years at issue in the 2015 Order does not exhaust the issues in this suit, which concern NYCDOE's delivery of education-related services remotely (rather than in-person) for several weeks in early 2020, just after the onset of the COVID-19 pandemic. Fourth, if it were true that Plaintiffs exhausted administrative remedies in 2015-16, any judicial remedies would be barred by the statute of limitations because Plaintiffs' claims accrued so long ago. *See* Point II.

For the reasons discussed below, and in the State Defendants' opening memorandum (ECF 18), their pre-motion letter (ECF 10), and the Court conference (2/22/22 Tr.), the AC should be dismissed with prejudice and without leave to replead as against the State Defendants.

## ARGUMENT

### I. PLAINTIFFS FAILED TO CONTEST THE STATE DEFENDANTS' MOTION AND HAVE ABANDONED THEIR CLAIMS AGAINST THE STATE DEFENDANTS

The State Defendants have shown that the AC should be dismissed with prejudice because: (1) Plaintiffs lack standing, ECF 18 at 11-13; (2) Plaintiffs failed to exhaust their administrative remedies through an administrative due process hearing that addressed the school year(s) at issue

in this suit, depriving the Court of subject matter jurisdiction, ECF 18 at 13-18; ECF 10 at 2; 2/22/22 Tr. 9-11; (3) The State Defendants are not proper parties to this case, ECF 18 at 18-24; ECF 10 at 2; 2/22/22 Tr. 9-10; (4) "The AC literally alleges no facts concerning any action or omission by any of the State Defendants," ECF 18 at 24; ECF 10 at 2; 2/22/22 Tr. 9-12, 16; (5) The AC violates Fed. R. Civ. P. 8 by pleading claims collectively against all defendants, ECF 18 at 24-25; ECF 10 at 3;[2] (6) The State Defendants may not be sued personally, and cannot provide the relief Plaintiffs request, ECF 18 at 18-21, 26-29; ECF 10 at 3; 2/22/22 Tr. 10-11, 16; (7) Plaintiffs fail to state any claim, ECF 18 at 18-33; ECF 10 at 2-3; 2/22/22 Tr. 7-12, 16; (8) The Court lacks personal jurisdiction over Neifeld, ECF 18 at 33;[3] and (9) Further amendment of the Complaint should not be permitted (and has not been requested), ECF 18 at 33-35.

Plaintiffs have failed to address these arguments and have therefore abandoned their claims against the State Defendants. "It is well settled in the Second Circuit that 'a plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.'" *N.Y.S. Court Clerks Assoc. v. Unified Court System of the State of N.Y.*, 25 F. Supp. 3d 459, 469 (S.D.N.Y. 2014) (quoting *McLeod v. Verizon N.Y., Inc.*, 995 F. Supp. 2d 134, 143 (E.D.N.Y. 2014)); *see also Avaras v. Clarkstown C.S.D.*, No. 18 Civ. 6964 (NSR), 2019 WL 4600870, at *19 (Sept. 21, 2019) (in IDEA case, granting Rule 12(b)(6) dismissal of Education Law claims against the New York State Education Department, the State Education Commissioner and State Review Officers where plaintiffs failed to oppose their arguments, citing *Hanig v.*

---

[2] Plaintiffs continue to refer to the "State and City Defendants" collectively and in a conclusory manner, and do not allege any facts concerning actions or omissions by the State Defendants. ECF 23 ¶¶ 5, 9-10, 19; ECF 23-1 ¶¶ 4-9.

[3] The AC was filed on April 8, 2022 (*see* ECF 13) and, per Fed. R. Civ. P. 4(m), Plaintiffs had 90 days, until July 7, 2022, to serve Neifeld. The service deadline expired 27 days after the State Defendants filed their opening brief that noted this deficiency. ECF 18 at 33. Plaintiffs do not claim that they effected service, attempted service, or sought an extension of time to complete service, on Neifeld.

*Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ("[B]ecause plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed.")). Thus, "[t]his Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." *Lipton v. County of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) (citing *Jessamy v. City of New Rochelle*, 292 F. Supp. 2d 498, 504 (S.D.N.Y. 2003)); *see also M.M. v. NYCDOE*, No. 09 Civ. 5236 (PAC), 2010 WL 2985477, at *6 (S.D.N.Y. July 27, 2010) (dismissing abandoned claims as a matter of law).

This is also the view of the Second Circuit. *See Roeder v. J.P. Morgan Chase & Co.*, 2022 WL 211702, at *1 (2d Cir. 2022); *Malik v. City of N.Y.*, 841 F. App'x 281, 284 (2d Cir. 2021) (affirming dismissal of claims against individual defendant where plaintiffs failed to address that defendant's arguments for dismissal); *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014); *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 172 (2d Cir. 2004).

Dismissal of the AC with prejudice as against the State Defendants is warranted: (1) for the reasons set forth in their opening memorandum of law, their pre-motion letter, and the court conference; and (2) because Plaintiffs have abandoned their claims against the State Defendants.

## II. PLAINTIFFS' FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES DEPRIVES THE COURT OF SUBJECT MATTER JURISDICTION, AND PLAINTIFFS' CLAIMS ARE TIME-BARRED BY THEIR ARGUMENTS

Plaintiffs' argument that the Court has subject matter jurisdiction over their IDEA claim because they exhausted their administrative remedies, ECF 23 ¶¶ 13-14, is insufficient to sustain any claim against the State Defendants, due to lack of standing, lack of subject matter jurisdiction, failure to state a claim, lack of personal jurisdiction, and the many other reasons for dismissal that the State Defendants briefed, ECF 18 at 11-35, which need not be repeated here.

The State Defendants were not involved in, or bound by, the prior proceedings on which Plaintiffs base their argument that they exhausted their remedies or that exhaustion is futile. Plaintiffs rely on the 2015 Order, which was issued in August 2015 by an Impartial Hearing Officer in administrative Case No. 156614 (ECF 23-3), and a December 2016 letter from NYCDOE stating that Plaintiffs may sue NYCDOE for failure to implement the 2015 Order, based on a settlement of *LV v. NYCDOE* (the "2016 Letter," ECF 23-4).[4]

But, the State Defendants were not parties to IHO Case No. 156614 (*see* ECF 23-3), were not ordered to provide services to Y.M., and Plaintiffs do not allege otherwise. To the contrary, Plaintiffs admit that the 2015 Order imposed duties on the City Defendants alone. ECF 23 ¶¶ 13-14, 18 (stating that the 2015 Order directed the City Defendants to provide services and that the "City Defendants failed to timely implement" those services).

Additionally, the State Defendants are not parties to *LV v. NYCDOE*, nor are any state agencies or officials party to that case, as shown by the Court's docket sheet in Case No. 03 Civ. 9917 (SDNY). The State Defendants were not ordered to do anything in *LV*, and Plaintiffs do not allege otherwise. Again, Plaintiffs assert that the 2016 Letter provides that the "City Defendants failed to timely implement" services required by the 2015 Order. ECF 23 ¶ 18. These proceedings did not involve the State Defendants, who violated no duties to the Plaintiffs.

Further, Plaintiffs' argument should be rejected because they have not demonstrated that their claims were exhausted or that it would be futile to require exhaustion. The 2015 Order and

---

[4] Plaintiffs did not provide the name of the court, the civil action number or a description for *LV v. NYCDOE*. The State Defendants believe that Plaintiffs are referring to Case No. 03 Civ. 9917 (SDNY), a class action against NYCDOE, its Chancellor and the NYC Board of Education. The pleadings are not available on PACER. Judge Preska described the case as alleging that NYCDOE failed to pay all or part of the private-school tuition for students who could not receive a FAPE in public school, as determined by final Orders of Impartial Hearing Officers, which NYCDOE failed to implement. *See LV v. NYCDOE*, No. 03 Civ. 9917 (LAP), 2021 WL 663718, at *1 (S.D.N.Y. Feb. 18, 2021). Plaintiffs have not explained the relationship of that case to this one.

the 2016 Letter concerned allegations that "the New York City Department of Education (DOE) failed to provide recommended related services for the 2015/16 and previous school years." ECF 23-3 at 3. Plaintiffs claim that "[t]he December 22, 2016 letter fully and clearly demonstrates that exhaustion, for the period subsequent to the letter, would be futile, " ECF 23 ¶ 18, but that is not correct. The current claims relate to services provided by NYCDOE remotely at the start of the COVID-19 pandemic in March 2020, and the AC alleges that NYCDOE began delivering in-person services several weeks later in May 2020, AC ¶¶ 17-18, as the Court already recognized, 2/22/22 Tr. 12:14. The State Defendants, who are not responsible for providing these services, cited multiple cases that subject matter jurisdiction depends on Plaintiffs exhausting their administrative remedies for the school year at issue. *See* ECF 18 at 15 (citing, *inter alia, Piazza v. Fla. U.F.S.D.*, 777 F. Supp. 2d 669, 688-81 (S.D.N.Y. 2011) ("Plaintiffs must satisfy the IDEA's exhaustion requirement with respect to each school year discussed in their Complaint. Moreover, even if plaintiffs raise claims relating to a particular school year in administrative proceedings, that does not excuse their failure to exhaust other claims that they later try to bring directly in federal court.")). Since Plaintiffs have not exhausted their current claims concerning COVID-19, the Court lacks subject matter jurisdiction.

Rather than help their cause, Plaintiffs' opposition papers show that their claims are stale. The import of Plaintiffs' argument is that their claims accrued no later than NYCDOE's failure to provide services required by the 2015 Order. The limitations period for Plaintiffs' claims is four years (for RICO violations) or less (for all other claims).[5]

---

[5] *See, e.g.*, *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 361 (2d Cir. 2013) ("The statute of limitations for a civil RICO claim is four years."); *Stropkay v. Garden City Union Free Sch. Dist.*, 593 F. App'x 37, 41 (2d Cir. 2014) (applying a three year statute of limitations to claims under the ADA, Rehab Act and § 1983); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (SHRL and CHRL claims have a three year limitations period); *Piazza*, 777 F. Supp. 2d at 688-89 (IDEA claims exhausted in administrative proceedings must be brought

Statutes of limitations are strictly enforced in IDEA cases because they encourage timely remediation of educational deficiencies, which is "the underlying point" of the IDEA and this suit, as the Court noted. 2/22/22 Tr. 14. Plaintiffs offer no explanation why they waited more than six years until 2021 to sue if NYCDOE has failed to provide critical services since 2015. In any event, arguments to extend statutes of limitations based on equitable tolling and alleged continuing violations are routinely rejected in IDEA cases.[6] If the Court accepts Plaintiffs' argument (*see* ECF 23 ¶¶ 9, 19; ECF 23-1 ¶¶ 5-7) that this case concerns the "exact same services" that NYCDOE failed to provide starting in 2012 and 2015, Plaintiffs' claims accrued no later than December 2016, when they were notified by the December 2016 Letter of their right to sue NYCDOE (*see* ECF 23-4; ECF 23 ¶ 10; ECF 23-1 ¶ 7), and Plaintiffs' claims are time-barred. *See* nn. 5-6, *supra*.

In short, Plaintiffs cannot have it both ways. Either they failed to exhaust their administrative remedies or this action is untimely. In any event, the State Defendants are not alleged to have taken any action or omission in violation of a duty to Plaintiffs, and the claims against the State Defendants are meritless and should be dismissed.

## CONCLUSION

The State Defendants respectfully request that the Court dismiss the AC with prejudice as against them, without leave to replead, and grant such other relief as is just and proper.

---

within four months of an administrative order, per 20 U.S.C. § 1415(i)(2)(B) and N.Y. Educ. Law § 4404(3)(a), while unexhausted IDEA claims must be brought within three years of the date that a plaintiff or her parent knew or should have known about the alleged action that forms the basis of the complaint). As the State Defendants explained, Plaintiffs have no private right of action under the Commissioner's Regulations. ECF 18 at 32-33.

[6] *See, e.g., M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, 224 (2d Cir. 2003) (refusing to apply equitable tolling statute to IDEA and Rehab Act claims because allowing claims to be brought "long after their accrual date" would defeat one of the IDEA'S "fundamental goals," "the expeditious resolution of educational programming disputes"); *Vinluan v. Ardsley U.F.S.D.*, No. 19 Civ. 10674 (NSR), 2021 WL 1063482, at *8 & n.1 (S.D.N.Y. Mar. 18, 2021) (declining to apply equitable tolling or continuing violation theory to extend the limitations period for claims under the IDEA, ADA and Rehab Act because it would "frustrate federal policy"); *SJB ex rel. Berkhout v. NYCDOE*, No. 03 Civ. 6653, 2004 WL 1586500, at *7 (S.D.N.Y. July 14, 2004) (declining to apply a continuing violation exception to the statute of limitations for IDEA claims since "the concern of the IDEA is the prompt provision of necessary services as determined by knowledgeable professionals to disabled children").

| | |
|---|---|
| Dated: New York, New York<br>September 16, 2022 | Respectfully submitted,<br>**LETITIA JAMES**<br>Attorney General<br>State of New York<br>Attorney for the State Defendants<br>By: /s/ Jonathan A. Siegel<br> Jonathan A. Siegel, Assistant Attorney General<br>28 Liberty Street, New York, NY 10005<br>Tel.: (212) 416-8888; Jonathan.Siegel@ag.ny.gov |