UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
**Y.M.,** by her father and natural guardian Gary Moskowitz, and **GARY MOSKOWITZ**, individually and on his own behalf,

                      Plaintiffs,

           – against –

**THE CITY OF NEW YORK; MEISHA PORTER**, Chancellor of the New York City Department of Education, in her individual capacity; **VICTOR CALISE**, Commissioner of the Mayor's Office for People with Disabilities, in his individual capacity; **ERIC ADAMS**, Mayor of New York City, in his individual capacity; **DR. BETTY A. ROSA**, Commissioner of Education, in her individual capacity; **KERRI E. NEIFELD**, Commissioner of the Office for People with Developmental Disabilities, in her individual capacity; **KATHY HOCHUL**, Governor of New York State, in her individual capacity; and **LETITIA JAMES**, Attorney General of New York State, in her individual capacity,

                      Defendants.
------------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

21-CV-6861 (AMD) (CLP)

**ANN M. DONNELLY**, United States District Judge:

The plaintiff brought this action individually and on behalf of his minor child alleging violations of the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1400, *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; section 296(2)(a) of the New York State Executive Law; section 8-107 of the Administrative Code of the City of New York; and Title 8, section 200.6(a)(2) of the New York Codes, Rules and Regulations.

Before the Court are the defendants' motions to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  For the reasons that follow, the defendants' motions are granted.

## BACKGROUND[1]

The IDEA requires that local educational agencies offer a free appropriate public education ("FAPE") to any child in its district with a disability.  (ECF No. 21 at 6.)  A FAPE includes special education and related services, provided at public expense, pursuant to an annual Individualized Education Program ("IEP").  (*Id.*; ECF No. 18 at 5.)  Committees on Special Education ("CSEs") are responsible for developing IEPs, tailored to each student's particular needs and achievement levels.  (ECF No. 18 at 5.)  Parents can challenge their child's special educational program by serving a due process complaint on the local school district requesting an impartial due process hearing; the school district then appoints an impartial hearing officer ("IHO") to conduct the hearing.  (*Id.* at 5-6.)  At the conclusion of the hearing, the IHO issues a Findings of Fact and Decision ("FOFD") (ECF No. 21 at 7), in which the IHO determines whether the local school district has provided a FAPE; if the IHO determines that the district did not, the IHO determines the appropriate relief.  (ECF No. 18 at 6.)

---

[1] The facts are taken from the amended complaint (ECF No. 13), the State Defendants' motion to dismiss (ECF No. 17), and the plaintiffs' opposition to the motions to dismiss.  (ECF No. 23.)  The Court also relies on the exhibits attached to the State Defendants' motion to dismiss and the plaintiffs' opposition. On a motion to dismiss, the Court may consider any statements or documents incorporated by reference in the complaint or documents that are "integral" to the complaint even if they are not incorporated by reference.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).  The exhibits are FOFDs from two impartial hearing officers—one from 2012 and two from 2015—and a letter from the New York City Department of Education regarding the implementation of the 2015 FOFD.  These documents are both incorporated by reference and integral to the complaint.

The plaintiff filed this complaint on his own behalf and on behalf of his child, Y.M. Y.M. was born in 2007 and is a student at Public School 226, District 75. (ECF No. 13 ¶¶ 1, 14.) Y.M. has cerebral palsy, epilepsy, autism, cortical visual impairment, torticollis, sleep apnea and global delays, and requires physical therapy, occupational therapy, speech therapy, after-school therapies, special education, special education teacher support services, speech pathology and related services. (*Id.* ¶¶ 14-15.)

In 2012, the plaintiffs requested a hearing regarding Y.M.'s IEP (Case No. 139980). (ECF No. 23 ¶ 9; ECF No. 23-2.) On February 7, 2013,[2] impartial hearing officer Diane Cohen, filed a FOFD in which she observed that Y.M.'s parents requested the hearing because "they disagreed with the decision to discontinue the Student's home-based related services and special education services as the child moved from pre-school to school age services." (ECF No. 23-2 at 3.)[3] The DOE argued that Y.M.'s new District 75 program was "more intense" than Y.M.'s pre-school program, and that Y.M. no longer needed home-based services. (*Id.* at 4.) Ms. Cohen ordered the CSE to conduct a thorough assessment of Y.M.'s needs within thirty days, that the CSE reconvene with all mandated parties two weeks after the assessment and make a recommendation to meet Y.M.'s needs, and that Y.M. continue to receive services until the CSE developed a new IEP. (*Id.* at 11-12.)[4]

---

[2] The date on the FOFD, February 7, 2012 (ECF No. 23-2 at 12), appears to be an error. According to the decision, the record closed on January 29, 2013, and the decision refers to other events that occurred in 2013. (*See generally* ECF No. 23-2.) Accordingly, the Court assumes the correct date is February 7, 2013.

[3] The parents did not disagree with the other recommendations in the June 8, 2012 IEP, which provided for a special class in a District 75 program with a 12:1+(3:1) staffing ratio and the following services: three 30-minute sessions per week of speech/language therapy; three 30-minute sessions of physical therapy, three 30-minute sessions of occupational therapy, two weekly 30-minute vision education sessions, hearing education services, and a full-time individual health paraprofessional. (*Id.*)

[4] Y.M. was to receive (1) one-on-one, 45-minute speech/language therapy sessions, twice a week; (2) one-on-one, 45-minute occupational therapy sessions, three times a week; (3) one-on-one, 45-minute

3

In 2015, the plaintiffs requested another impartial hearing (Case No. 156614) (ECF No. 23 ¶ 9; ECF No. 23-3; ECF No. 17-2), alleging that the DOE did not provide recommended services for the 2015-2016 and previous school years. (ECF No. 23-3 at 2.) In a December 15, 2015 FOFD, impartial hearing officer Robert Briglio ordered the DOE to provide Y.M. with compensatory home-based related services, including speech and occupational therapy, at an enhanced rate. (ECF No. 17-2 at 6.) The IHO also directed that "[t]he family shall have two years from the date of this decision to use the award of compensatory services." (*Id.*) The IHO ordered the DOE to provide Y.M. with home-based related services according to her IEP, and social work services as needed. (*Id.*)

In a December 22, 2016 letter, the DOE advised the plaintiffs that an independent auditor, Daylight Forensic and Advisory, reviewed the DOE's implementation of impartial hearing orders as a part of a settlement in *LV v. New York City Department of Education, et al.*[5] (ECF No. 23-4), and found that the "DOE [] failed to timely implement all or part of the impartial hearing order referenced above concerning your child." (*Id.*) The letter referred to case number 156614, the number associated with the 2015 impartial hearings. The letter advised the plaintiffs that if they chose to "take legal action concerning the DOE's failure to timely implement your order, this letter is the only evidence you will need initially to demonstrate that the DOE failed to timely implement your order." (*Id.*)

---

physical therapy sessions, five times a week; and (4) four hours of special education services a week. (*Id.* at 11-12.)

[5] In *LV v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510 (S.D.N.Y. 2010), the plaintiffs filed a class action claiming the DOE violated their rights under the IDEA because it did not timely implement impartial hearing orders. *Id.* at 512. After the court granted the plaintiffs' request for class certification, the parties reached a settlement agreement, which included injunctive relief, including a provision for the appointment of Daylight Forensic and Advisory LLC to monitor DOE's success in improving the implementation of IHO orders. *Id.*

4

In their complaint, the plaintiffs allege that "[o]ver the past several years and despite Plaintiffs' many protests, Plaintiff Y.M. has not received the entirety of the education, services and therapies that she is fully entitled to. For instance, Plaintiff has not received speech therapy for the past five years." (ECF No. 13 ¶ 16.) In addition, the plaintiffs allege that "since the beginning of the COVID-19 pandemic" the defendants have "completely disrupted and disregarded" Y.M.'s education, and that they have made "no significant attempts [] to provide [Y.M.] with the education, services and therapies that her [IEP] entitles her to receive." (*Id.* ¶ 17.) The plaintiffs also allege that the defendants required Y.M. to use Zoom for her education, services and therapies, even though her doctors and specialists opined that she could not learn properly or receive her therapies and services through Zoom. (*Id.*) The plaintiffs contend that Y.M. received only physical and occupational therapy, and that those were makeup sessions for other years. (*Id.* ¶ 19.)

The plaintiffs do not identify the school years to which their claims apply; instead, they say that Y.M. did not receive services for the "past several years." (*See, e.g.*, ECF No. 13 ¶ 16.) Nor do the plaintiffs include Y.M.'s IEPs or describe the services and therapies detailed in the IEPs.

The plaintiffs allege that Y.M.'s conditions have worsened because of the defendants' failures, that she can "no longer walk or take independent steps," and that Mr. Moskowitz has spent over $20,000 to convert his two-bedroom apartment into a therapy center. (*Id.* ¶¶ 20, 21.)

On November 16, 2021, the plaintiffs filed this action in Queens County Supreme Court, Index No. 725587/2021. The defendants removed the action to this Court on December 13, 2021. (*See* ECF No. 1.)

The defendants[6] requested a pre-motion conference on their anticipated motion to dismiss the plaintiffs' first complaint.  At the February 22, 2022 conference on that anticipated motion, the Court advised the plaintiffs that they might not have a case against the State Defendants and that their RICO claims were probably insufficient, because they did not allege the existence of an enterprise or two racketeering acts.  (Feb. 22, 2022 Hearing Transcript at 10, 11, 16.)  The Court also pointed out that the plaintiffs did not allege specific acts to support their discrimination claim.  (*Id.* at 12.)  Finally, the Court observed that the plaintiffs may not have exhausted their claims.  (*Id.* at 6-7, 12-13.)  The Court granted the plaintiffs leave to amend, to address these issues and to make more specific allegations.  The plaintiffs filed an amended complaint on April 8, 2022 (ECF No. 13), which the defendants move to dismiss.  (ECF Nos. 16, 19.)

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ. of City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).  Although detailed factual allegations are not required, the pleading standard "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

---

[6] Governor Kathy Hochul, Attorney General Letitia James, State Education Commissioner Dr. Betty A. Rosa and State Commissioner of the Office for People with Developmental Disabilities, Kerri E. Neifeld are the "State Defendants."  (*See* ECF No. 16.)  The City of New York, the Chancellor of the New York City Department of Education, Meisha Porter, the Commissioner of the Mayor's Office for People with Disabilities, Victor Calise, and the Mayor of New York City, Eric Adams, are the "City Defendants."  (*See* ECF No. 19.)

6

(noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citation omitted)).

## DISCUSSION

### I.   Time Barred Claims[7]

Under the IDEA, exhausted claims must be brought within 90 days of the date of a hearing officer's decision, and "permissibly unexhausted" claims must be brought within three years. *Piazza v. Florida Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 688 (S.D.N.Y. 2011). Similarly, ADA claims and Rehabilitation Act claims must be brought within three years. *Rekowicz v. Sachem School Dist.*, No. 11-CV-1561, 2013 WL 4852305, at *6 (E.D.N.Y. Sept. 10, 2013).

Because the plaintiffs filed their initial complaint on November 16, 2021, any IDEA claims—exhausted or unexhausted—as well as any ADA claim or Rehabilitation Act claims, for school years before November 16, 2018, are untimely. Accordingly, the plaintiffs' IDEA, ADA and Rehabilitation Act claims arising from school years 2011-2012, 2012-2013, 2013-2014, 2014-2015, 2015-2016, 2016-2017, or 2017-2018 are dismissed as time barred.

### II.   Exhaustion of Remedies[8]

"It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in federal or state court." *J.S. ex rel N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 112 (2d Cir. 2004). Where plaintiffs raise "grievances related to the education of disabled children," they are obligated to "exhaust their administrative remedies

---

[7] While the plaintiffs do not specify the school years relevant to their claims, they seem to argue that Y.M. has not received the services specified in her IEPs since their first hearing before an IHO in 2012. Accordingly, the Court interprets the complaint to make claims for each school year, beginning with the 2011-2012 school year.

[8] The Court considers the plaintiffs' IDEA, ADA and Rehabilitation Act claims that are not time barred: for school years 2018-2019, 2019-2020, 2020-2021 and 2021-2022.

7

before filing suit in federal court, even if their claims are formulated under a statute other than the IDEA (such as the ADA or the Rehabilitation Act)." *Polera v. Bd. of Educ. of Newburgh*, 288 F.3d 478, 481 (2d Cir. 2002). "Failure to exhaust the administrative remedies deprives the court of subject matter jurisdiction." *Cave v. East Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245 (2d Cir. 2008) (citing *Polera*, 288 F.3d at 483).

"The IDEA's exhaustion requirement was intended to channel disputes related to the education of disabled children into an administrative process that could apply administrators' expertise in the area and promptly resolve grievances. The exhaustion requirement prevents courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes. Exhaustion of the administrative process allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." *Polera*, 288 F.3d at 487 (internal quotation marks and citations omitted). Even "[i]f the administrative process is not successful at resolving the dispute, it will at least have produced a helpful record because administrators versed in the relevant issues were able to probe and illuminate those issues for the federal court." *J.S.*, 386 F.3d at 112-13.

"To exhaust their administrative remedies under the IDEA, [] Students and Parents need[] to (1) seek relief from an Impartial Hearing Officer of the NYCDOE and, if the IHO denied such relief, then (2) seek review by a State Review Officer of the New York State Education Department." *K.M. v. Adams*, No. 20-CV-4128, 2022 WL 4352040, at *2 (2d Cir. Aug. 31, 2022). "Plaintiffs must satisfy the IDEA's exhaustion requirement with respect to each school

8

year discussed in their Complaint. Moreover, even if plaintiffs raise claims relating to a particular school year in administrative proceedings, that does not excuse their failure to exhaust other claims that they later try to bring directly in federal court." *Piazza*, 777 F. Supp. 2d at 680-81.

There are three exceptions to the IDEA exhaustion requirement: "(1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir. 2002). Courts in this Circuit have found that exhaustion is futile "(i) when plaintiffs challenge systemic violations, or (ii) when defendants failed to implement services that were specified or otherwise clearly stated in an IEP." *Simmons v. Putnam/N. Westchester Bd. of Coop. Educ. Servs.*, No. 19-CV-10388, 2022 WL 294753, at *4 (S.D.N.Y. Feb. 1, 2022) (internal quotations and citations omitted). The plaintiffs have the burden of establishing that an exception applies. *Id.*

According to the defendants, the plaintiffs did not exhaust their administrative remedies as required, because the hearings in 2012 and 2015 are not relevant to the plaintiffs' current claims, which arise out of events occurring as a result of the COVID-19 pandemic, beginning with the 2019-2020 school year. (*See* ECF No. 18 at 14-15; ECF No. 21 at 10-11.) The plaintiffs concede that they did not seek a hearing after 2015 but claim that they exhausted their administrative remedies with respect to their current claims in the 2012 and 2015 hearings, as demonstrated by the DOE's December 2016 letter. (ECF No. 23 at 2-6; *see generally* ECF No. 23-1.)

9

Because the plaintiffs' clearly raise "grievances related to the education of disabled children," *Polera*, 288 F.3d at 481, they were required to exhaust their administrative remedies by seeking relief from an impartial hearing officer on the specific grievance they make. The subjects of the hearings in 2012 and 2015 were the plaintiffs' claims from those years, not subsequent years.[9] Accordingly, the plaintiffs have not exhausted their remedies for their claims related to the school years after 2014-2015. *Piazza*, 777 F. Supp. 2d at 680-81 (holding that plaintiffs are required to exhaust their remedies with respect to each school year in the complaint).

### a. Futility

The plaintiffs also argue that they should be excused from the exhaustion requirement because exhaustion would have been futile. The plaintiffs appear to claim that exhaustion was futile because the defendants did not implement Y.M.'s IEPs and because of systemic violations. (ECF No. 23 ¶¶ 18-19.) They reference the two impartial hearings, which they maintain "confirmed that the administrative procedures and remedies already did not provide any adequate remedy to Plaintiffs," and the 2016 letter which they claim, "authorized Plaintiffs to file suit against City Defendants due to their failure to abide by the Finding of Fact and Decision for Case No. 156614." (*Id.*) I address those arguments in turn.

#### i. Failure to Implement

The failure to implement exception applies only in "narrow situations," when a plaintiff alleges solely that a defendant did not implement "specific concrete requirements of an IEP." *Levine v. Greece Cent. Sch. Dist.*, 353 F. App'x 461, 465 (2d Cir. 2009); *see also Polera*, 288

---

[9] The plaintiffs do not explain what the DOE's December 2016 letter has to do with the exhaustion of remedies. Regardless, as discussed above, IDEA claims for the 2015-2016 school year are time barred.

F.3d at 489 ("[A] court must closely examine a plaintiff's claims before concluding that they involve nothing more than 'implementation' of services already spelled out in an IEP."). Courts construe this exception narrowly, because a "plaintiff could plausibly frame any IEP-related claim as one of 'implementation' and thereby sidestep the IDEA's exhaustion requirement." *Id.*; *see also Piazza*, 777 F. Supp. 2d at 682 (The implementation exception is narrow because "plaintiffs could defeat the purposes of the exhaustion requirement by reframing complaints they have regarding the *content* of the program provided their child as claims regarding 'implementation' . . . Claims that in substance challenge the adequacy and appropriateness of the services provided to a disabled student are best resolved (or at least presented) administratively." (emphasis in original)); *Gardner v. Uniondale Pub. Sch. Dist.*, No. 08-CV-847, 2008 WL 4682442, at *12-13 (E.D.N.Y. Oct. 21, 2008) ("Although plaintiffs argue that the school simply failed to implement services provided for in the 504 Plan, . . . it is clear that this alleged failure could be due in part to a lack of clarity in the Plan. . . . Where the obligations of the school are not clear, and the administrative process could have provided appropriate relief, the claims will not fall within the 'failure to implement' exception.").

According to the plaintiffs, Y.M. is entitled to "Physical Therapy; Occupational Therapy; Speech Therapy; After-School Therapies; Special Education; Special Education Teacher Support Services; Speech Pathology; and Related Services," and she has not received "the entirety of the education, services, and therapies that she is fully entitled to." (ECF No. 13 ¶¶ 15-16.) "For instance, Plaintiff has not received speech therapy for the past five years." (*Id.*)

The plaintiffs have not established that their claims fall within the "narrow" failure to implement exception. The plaintiffs have not submitted copies of Y.M.'s IEPs, described the services provided in the IEPs, or detailed the services that the defendants did not provide; they

claim only that Y.M. has not received services to which she was entitled "over the past several years." (*Id.* ¶ 16.) Without this information, the Court cannot determine whether the plaintiffs fall within the narrow exception to the exhaustion rule. A party "challenging the implementation of an IEP must show more than a de minimis failure to implement all elements of that IEP;" it "must demonstrate that the school board or other authorities failed to implement substantial or significant provisions of the IEP." *D.D.S. v. Southold Union Free Sch. Dist.*, No. 09-CV-5026, 2011 WL 3919040, at *13 (E.D.N.Y. Sept. 2, 2011) (citation omitted). Without knowing the "specific concrete requirements of an IEP" that the defendants failed to implement, the Court cannot determine whether the plaintiffs have established that the implementation exception applies. *Levine*, 353 F. App'x at 465.

The plaintiffs do not cite any cases, and the Court is not aware of any, in which a party satisfied the failure to implement exception without attaching the IEP, describing the IEP's requirements, or identifying the school year at issue. Granting an exception under these circumstances would permit the plaintiffs to "sidestep" the exhaustion requirement. *Polera*, 288 F.3d at 489.

In any event, the plaintiffs' claims are about more than implementing Y.M.'s IEP; they also challenge the defendants' response to the COVID-19 pandemic—specifically using Zoom for services and therapies, which they say denied Y.M. a FAPE. The complaint alleges that "since the beginning of the COVID-19 pandemic in March 2020, and continuing today, Plaintiff's education has been completely disrupted and disregarded by Defendants;" the plaintiffs claim that the defendants required Y.M. to use Zoom for her education, services and therapies, and that Zoom is not adequate for Y.M.'s needs. (ECF No. 13 ¶ 17.) The plaintiffs also allege that the defendants provided reasonable accommodations for the general student body

12

population during the pandemic, including remote and hybrid learning, but made no similar accommodations for Y.M. and her needs. (*Id.* ¶¶ 33, 40.) Further, the plaintiffs say that because of the COVID-19 pandemic, Y.M. received only "physical therapy and occupational therapy sessions that were owed from years prior" for a period of time. (*Id.* ¶ 19.)

The failure to implement exception does not apply when an IDEA claim is not "limited to the allegation that a school has failed to implement services that were specified or otherwise clearly stated in an IEP." *Levine*, 353 F. App'x at 465 ("Our cases that have allowed plaintiffs to avoid the exhaustion requirement due to a school district's failure to implement a student's IEP have done so only in narrow situations in which the plaintiff's claim is limited to the allegation that 'a school has failed to implement services that were specified or otherwise clearly stated in an IEP.'" (citations omitted)); *see also Intravaia v. Rocky Point Union Free Sch. Dist.*, 919 F. Supp. 2d 285, 294 (E.D.N.Y. Jan. 30, 2013) (finding that exhaustion was not excused where the complaint "not only contain[ed] allegations that defendants failed to provide [the plaintiff] services that are contained in her IEP but also that defendants failed in various other ways to provide [the plaintiff] with a FAPE"). Here, the plaintiffs are alleging both a denial of services and a failure to provide adequate services for Y.M. as a result of the COVID-19 pandemic.

The plaintiffs do not contend that Y.M.'s IEPs dictate how her services must be provided, or that they preclude the use of Zoom. Under these circumstances, the defendants' use of the Zoom platform during COVID is not a plausible failure to implement claim. *Donohue v. Hochul*, No. 21-CV-8463, 2022 WL 673636, at *5 (S.D.N.Y. Mar. 7, 2022) ("Plaintiffs [] have not stated a claim that Defendants failed to implement any IEP. The complaint does not identify any provision in any of the students' IEPs that specifies that the students will not wear a mask,

13

and the alleged IEPs, attached to the complaint, do not appear to contain any such provision. Absent such allegations, a failure-to-implement claim is not plausible.").

The plaintiffs do not claim that Y.M.'s IEPs precluded the use of telecommunication platforms like Zoom. For that reason, exhaustion of their COVID claims would not be futile. Moreover, since the plaintiffs do not specify the services that Y.M.'s IEPs required, they cannot establish that a failure to implement occurred that would have made exhaustion of their claims futile.

## ii. Systemic Violations

The plaintiffs also allege futility based on systemic violations. While claims of systemic violations are often asserted as part of a class action, they "can be made at the individual level, provided 'a systemic policy is at stake' and 'the administrative officer has no power to correct the violation.'" *J.Z. v. N.Y.C. Dep't of Educ.*, 281 F. Supp. 3d 352, 362 (S.D.N.Y. 2017) (citation omitted). However, a plaintiff must adequately plead "systemic practices, as opposed to violations particular to [the plaintiff]." *F.C. v. N.Y.C. Dep't of Educ.*, No. 15-CV-6045, 2016 WL 8716232, at *8 (S.D.N.Y. Aug. 5, 2016). The plaintiffs allege harm only to Y.M., not any other student. Accordingly, they have not plausibly alleged futility based on systemic violations. *See, e.g.*, *Conway v. Bd. of Educ. of Northport–E. Northport Sch. Dist.*, No. 13-CV-5283, 2014 WL 3828383, at *12 (E.D.N.Y. Aug. 1, 2014) ("Since plaintiff is challenging defendants' treatment of K.C.G. individually, and does not make allegations other than in conclusory fashion that K.C.G.'s situation resulted from systemic violations of the IDEA, it would not have been futile for plaintiff to exhaust administrative remedies on this basis." (internal quotation marks and citation omitted)).

Accordingly, plaintiffs have not exhausted their claims, nor have they established that an exception applies. For these reasons, the Court does not have subject matter jurisdiction to decide the plaintiffs' IDEA, ADA and Rehabilitation Act claims, and they are dismissed.[10]

### III. RICO Claim

The State Defendants argue that the plaintiffs have not stated a RICO claim because the "failure to provide a FAPE is not a RICO predicate act" (ECF No. 18 at 30 (citing *J.T. v. de Blasio*, 500 F. Supp. 3d 137, 166 (S.D.N.Y. 2020)), and that the plaintiffs have not pled fraud with requisite specificity. (ECF No. 18 at 31.) The City Defendants allege that the plaintiffs do not have standing to bring a RICO claim and have not plausibly alleged that the defendants formed an enterprise. (ECF No. 21 at 15-16.)

The plaintiffs do not address the RICO claim, or the defendants' arguments about the claim. Accordingly, the plaintiffs have abandoned their RICO claim and it is dismissed. *Horsting v. St. John's Riverside Hosp.*, No. 17-CV-3230, 2018 WL 1918617, at *6 (S.D.N.Y. Apr. 18, 2018) ("At the motion to dismiss stage, where review is limited to the pleadings, a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim."); *Johnson v. City of N.Y.*, No. 15-CV-8195, 2017 WL 2312924, at *17 (S.D.N.Y. May 26, 2017) ("By failing to address Defendants' arguments in support of dismissing this claim, it is deemed withdrawn or dismissed as abandoned."); *Brandon v. City of N.Y.*, 705 F.

---

[10] Claims brought under the ADA and Section 504 are subject to the IDEA's exhaustion requirement when "the gravamen of a complaint against a school concerns the denial of a FAPE." *See Rutherford v. Fla. Union Free Sch. Dist.*, 2019 WL 1437823, at *31 (S.D.N.Y. Mar. 29, 2019) (quoting *Fry v. Napoleon Cmty. Schs.*, 137 S. Ct. 743, 756 (2017)). "The critical inquiry is whether the gravamen—i.e., the crux—of a plaintiff's complaint concerns the denial of FAPE or some other form of discrimination protected by another statute." *Avaras v. Clarkstown Cent. Sch. Dist.*, No. 18-CV-6964, 2019 WL 4600870, at *17 (S.D.N.Y. Sept. 21, 2019). The same facts underlie the plaintiffs' ADA, Rehabilitation Act, and IDEA claims. Since the gravamen of those claims is the denial of a FAPE, the IDEA's exhaustion requirement is equally applicable to the non-IDEA claims.

Supp. 2d 261, 268 (S.D.N.Y. 2010) (claims abandoned where Plaintiff "did not raise any arguments opposing Defendants' motion") (collecting cases); *Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ("[B]ecause plaintiff did not address defendant's motion to dismiss with regard to this claim, it is deemed abandoned and is hereby dismissed.").

## IV. The Court Declines to Exercise Supplemental Jurisdiction

The plaintiffs also brought state law claims pursuant to the New York State Executive Law, the Administrative Code of the City of New York, and the New York Codes, Rules and Regulations. Because I have dismissed the plaintiffs' federal claims, I decline to exercise supplemental jurisdiction over their state law claims. *Luciano v. City of New York*, No. 09-CV-359, 2009 WL 1953431, at *2 (S.D.N.Y. July 2, 2009) ("In addition, where the federal claims are dismissed at an early stage in the litigation, the Second Circuit has generally held that it is inappropriate for the district court to exercise supplemental jurisdiction."); *Wolfinger v. Consol. Edison Co. of N.Y., Inc.*, No. 17-CV-1710, 2018 WL 3637964, at *12 (E.D.N.Y. July 31, 2018) ("Where a court dismisses all claims over which it has original jurisdiction, it may, in its discretion, decline to exercise supplemental jurisdiction over remaining claims." (citing 28 U.S.C. § 1367(c)(3))).

## CONCLUSION

For the reasons stated above, the defendants' motions to dismiss are granted. However, because a liberal reading of the amended complaint indicates that the plaintiffs could plausibly allege that the exhaustion requirement may have been futile for the 2018-2019, 2019-2020, 2020-2021 and 2021-2022 school years, depending on the specifics of the IEPs, the plaintiffs are

granted leave to file a second amended complaint, to the extent they can adequately allege that exhaustion of their administrative remedies would have been futile or was otherwise excused.

The plaintiffs are given thirty days leave to file an amended complaint. If the plaintiffs do not file an amended complaint within that time, judgment dismissing this action will enter.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      February 23, 2023